ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **MAIJO LLC.**<br><br>Recurrido<br><br>v.<br><br>**WAL-MART PUERTO RICO, INC., CORPORACIONES A, B y C INC., ASEGURADORAS X, Y y Z y OTROS**<br><br>Peticionarios | KLCE202401394 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2021CV08514**<br><br>Sobre: Incumplimiento de Contrato, Daños |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de febrero de 2025.

Comparece ante nos Wal-Mart Puerto Rico, Inc. (Wal-Mart, parte demandada o parte peticionaria) y nos solicita, mediante el presente recurso de *Certiorari*, que revoquemos la *Resolución*[1] emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 18 de octubre de 2024. Mediante la *Resolución,* el foro primario declaró sin lugar la *Moción de Desestimación,* presentada por la parte peticionaria.[2]

Por los fundamentos que discutiremos a continuación, denegamos expedir el auto solicitado y devolvemos el caso al TPI para que continúen los procedimientos.

**I**

El 28 de diciembre de 2021 MAIJO, LLC. (Maijo, parte demandante o parte recurrida) presentó una *Demanda* sobre

---

[1] Apéndice del Recurso de *Certiorari*, págs. 215-223. Notificada y archivada en autos el 18 de octubre de 2024.
[2] *Íd.,* Apéndice del Recurso de *Certiorari,* págs. 21-152.

incumplimiento de contrato y daños y perjuicios contra Wal-Mart, Corporaciones A, B y C, Inc., Aseguradoras X, Y, Z, Perensejo de Tal y Sutaneja de Tal.[3] En síntesis, alegó que Wal-Mart violó la escritura de servidumbre con pacto y restricciones, *Deed of Easements with Convenants and Restrictions Affecting Land*, suscrito entre la parte demandada y el dueño previo C. COM 2000, Inc. (C.COM). Adujo que en el referido escrito se tenía el propósito de desarrollar el centro comercial para el beneficio mutuo de Wal-Mart y C.COM, siendo Wal-Mart el dueño de la parcela número uno, mientras que C.COM era dueño de las parcelas número dos, tres y cuatro. Arguyó que posteriormente adquirió de C.COM la parcela número dos convirtiéndose en dueño de ésta. Así las cosas, alegó que en el año 2020 Wal-Mart demolió un edificio que ubicaba en la parcela número uno. Y que, a pesar de varias solicitudes para evitar la demolición del edificio, la parte demandada demolió de manera unilateral la estructura causándole numerosos daños. Del mismo modo adujo que, la demolición estuvo en contra del *Deed of Easements with Convenants and Restrictions Affecting Land* pues la estructura era un elemento central al momento en que se estableció el acuerdo.

En respuesta, el 21 de marzo de 2022, Wal-Mart presentó una *Moción de Desestimación* bajo el inciso (5) de la Regla 10.2 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 10.2.[4] En el referido escrito, la parte demandada alegó que procedía la desestimación de la acción presentada en su contra pues la misma dejaba de exponer una reclamación que justifique la concesión de un remedio. De igual forma, adujo que la parte demandante carecía de legitimación activa para hacer valer el *Deed of Easements with Convenants and Restrictions Affecting Land,* pues según el párrafo

---

[3] Apéndice del Recurso de *Certiorari,* págs. 1-20.
[4] Apéndice del Recurso de *Certiorari,* págs. 21-152.

cuarto, inciso trece (13) títulado *Breach,* establecía que, para poder iniciar un procedimiento judicial por alguna violación o potencial violación del acuerdo, todos los titulares conjuntos, es decir los titulares de la Parcela número dos, tres y cuatro, debían ser parte del pleito. En síntesis, la parte demandada adujo que la parte demandante solo era titular de la parcela número dos, por lo que al no haber comparecido como demandante el titular de las parcelas tres y cuatro, no poseía legitimación activa para entablar la presente reclamación.

Luego de varios incidentes procesales, el 18 de octubre de 2024, notificado el mismo día, el Tribunal de Primera Instancia emitió una *Resolución* declarando **No Ha Lugar** la *Moción de Desestimación* presentada por la parte demandada.[5] En síntesis, el foro primario resolvió que conforme el párrafo cuarto, en su inciso trece (13) títulado *Breach* del *Deed of Easements with Convenants and Restrictions Affecting Land,* Maijo poseía legitimación activa para reclamar cualquier incumplimiento. El foro primario razonó que debido a que la parte demandante adquirió de C. COM la parcela número dos, este se subrogó en todos los derechos y responsabilidades que poseía C. COM. Respecto a los otros planteamientos realizados por la parte demandada en su moción dispositiva, el Tribunal determinó que todavía existen controversias sustanciales que impiden que se resuelvan antes de culminar el descubrimiento de prueba.

En desacuerdo, el 4 de noviembre de 2024 la parte demandada presentó su *Moción de Reconsideración.*[6] Mientras que la parte demandante presentó su *Oposición a Moción en Reconsideración* el 25 de noviembre de 2024.[7] Finalmente, el 26 de

---

[5] Apéndice del Recurso de *Certiorari*, págs. 215-223. Notificada y archivada en autos el 18 de octubre de 2024.
[6] *Íd.* págs. 224-234.
[7] *Íd.* págs. 235-237.

noviembre, notificado el mismo día, el Tribunal de Primera Instancia emitió una *Resolución* en la cual declaró **No Ha Lugar** la *Moción de Reconsideración* presentada por la parte demandada.[8]

Aún inconforme, el 26 de diciembre de 2024 la parte peticionaria acude ante nos mediante la presente petición de *Certiorari* y nos plantea la comisión del siguiente error:

> ERRÓ EL TPI AL DENEGAR LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR WAL-MART Y RESOLVER QUE A RAÍZ DE LA COMPRAVENTA DE LA PARCELA 2 A C.COM. HUBO UNA SUBROGACIÓN DE TODOS LOS DERECHOS Y OBLIGACIONES DE C.COM. INCLUYENDO DERECHO PERSONALÍSIMO A RECLAMAR POR SÍ SOLA POR INCUMPLIMIENTO DEL *DEED OF EASEMENTS* POR LO QUE MAIJO TIENE LEGITIMACIÓN ACTIVA PARA ENTABLAR POR SÍ SOLA LA DEMANDA DE ESTE CASO.

Sin contar con la comparecencia de la parte recurrida, procedemos a discutir.

## II

## A

El auto de *certiorari* es aquel vehículo procesal extraordinario, de carácter discrecional, que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); Véase, además a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Para este recurso discrecional, existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

La Regla 52.1 de Procedimiento Civil dispone que un recurso de *certiorari* sólo será expedido cuando se recurra de una resolución

---

[8] *Íd.* págs. 238-239.

u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunctions) de Procedimiento Civil o una denegatoria de una moción de carácter dispositivo. Además de lo anterior, y a modo de excepción, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre: 1) la admisibilidad de testigos de hecho o de peritos esenciales; 2) asuntos relativos a privilegios probatorios; 3) anotaciones de rebeldía; 4) casos de relaciones de familia; 5) casos que revistan interés público; o, 6) cualquier otra situación en la cual esperar la apelación constituiría un fracaso irremediable de la justicia.

Una vez adecuadamente presentado un recurso de *certiorari*, el Tribunal de Apelaciones deberá ejercer su discreción y evaluar la petición tomando en consideración los criterios enumerados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Deberá evaluar:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun así, cuando el Tribunal de Apelaciones determina, en su sana discreción, denegar la expedición de un recurso de *certiorari*, no tiene que fundamentar su determinación. *Íd.*, R. 52.1

**B**

Los tribunales solo pueden atender casos que son justiciables, donde exista una controversia, y no en aquellas circunstancias donde exista una disputa abstracta, cuya resolución no tendrá consecuencias para las partes. *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 931 (2011); *Fund. Surfrider y otros v. A.R.Pe.*, 178 DPR 563, 571 (2010); *E.L.A. v. Aguayo*, 80 DPR 552 (1958). La justiciabilidad es una autolimitación de los tribunales. Solo podemos resolver "controversias genuinas surgidas entre partes opuestas que tienen interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *E.L.A. v. Aguayo, supra*, págs. 558-559. Nuestro Tribunal Supremo ha desarrollado criterios que los tribunales deben considerar para determinar si un caso es justiciable.

> Para que una controversia sea justiciable se debe evaluar si es (1) tan definida y concreta que afecte las relaciones jurídicas entre las partes que tienen un interés jurídico antagónico; (2) que el interés sea real y substancial y que permita un remedio específico mediante una sentencia de carácter concluyente, y finalmente (3) si la controversia es propia para una determinación judicial, ya que se distingue de una disputa de carácter hipotético o abstracto, y de un caso académico o ficticio. Por lo tanto, no será justiciable aquella controversia en la que: (1) se trata de resolver una cuestión política; (2) una de las partes no tiene legitimación activa; (3) después que ha comenzado el pleito, hechos posteriores la convierten en académica; (4) las partes buscan obtener una opinión consultiva, o (5) se promueve un pleito que no está maduro.
>
> *Asoc. Fotoperiodistas v. Rivera Schatz, supra*, pág. 932.

"Una de las doctrinas de autolimitación derivadas del principio de 'caso o controversia' es la legitimación de la parte que acude ante el foro judicial". *Fund. Surfrider v. A.R.Pe., supra*, pág. 572. "La legitimación activa es una de las doctrinas que forman parte de la figura general de la justiciabilidad que opera actualmente en nuestro ordenamiento". J. Farinacci Fernós, *La justiciabilidad en Puerto Rico*, 1a ed. rev., San Juan, Ed. InterJuris, 2024, pág. 121.

Legitimación es la capacidad jurídica y la capacidad para actuar. "Es la capacidad para realizar con eficiencia actos procesales y para comparecer como litigante en un juicio. J.A. Echevarría Vargas, *Procedimiento civil puertorriqueño*, 1a ed. rev., San Juan, 2012, pág. 34. En *Fund. Surfrider v. A.R.Pe.*, *supra*, el Tribunal Supremo aclaró que para que una parte tenga legitimación, tiene que haber sufrido un daño claro y palpable, real, inmediato y preciso, no abstracto o hipotético. Debe existir una relación causal razonable entre la acción que se ejercita y el daño alegado, y la causa de acción debe surgir al amparo de la Constitución o de alguna ley.

### III

Luego de evaluar los criterios de la Regla 52.1 de Procedimiento Civil, *supra*, y de la Regla 40 de este Tribunal, *supra*, concluimos, al igual que hizo el TPI, que procedía denegar la *Moción de Desestimación*. Del mismo modo, al no existir razón para ejercer nuestra discreción, denegamos expedir el auto.

### IV

Por las razones discutidas, denegamos expedir el *Recurso* solicitado. Devolvemos el caso al TPI para que continúen los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

La jueza Aldebol Mora disiente. Entiende que procede expedir el recurso y revocar la resolución recurrida.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones